Mr. Crawford's appeal to the circuit court from the district court's civil judgment against him was dismissed and he duly appealed to this court. We affirm.
After a trial, the district court rendered its judgment by means of a separate written document dated October 20, 1981. It was in favor of Ray Pearman Lincoln-Mercury, Inc. (Ray 
Pearman) and against Mr. Crawford in the amount of $2,385.80. The date of the filing of the judgment with the clerk of the district court is not available; however, upon the case action summary, the following notation was made by the clerk: "10-20-81 Judgment entered in favor of Plaintiff and against Defendant in the amount of $2,385.80, plus court cost. (Judgment in file)"
According to the case action summary, copies of the judgment were distributed to the parties on October 22. Mr. Crawford's notice of appeal from that judgment to the circuit court was filed on November 4. Ray Pearman moved to dismiss the appeal as having been filed one day too late and such motion was granted by the circuit court.
Learned counsel for Mr. Crawford very promptly filed a motion that the circuit court reconsider its judgment of dismissal. That motion was based upon an affidavit of the deputy clerk of the district court who essentially stated therein that the district court's judgment "was received, recorded on the civil action docket sheet located in the case file and distributed to the parties by my office on the same day, October 22, 1981." However, the same deputy clerk gave another affidavit at the instance of Ray Pearman whereby she stated that the first affidavit did not accurately reflect her testimony on several points, and she therein further swore as follows: *Page 271 
 "It is correct that the general policy of my office is to enter judgments on the civil action docket sheet and distribute copies to the concerned parties as quickly as possible. However, it is not possible for me to state with any degree of certainty the exact date a written judgment is received from the judge by my office, and there is no indication placed in the file as to when the judgment is received by my office. There are occasionally instances when a judgment will not be entered and distributed on the same date it is received by my office from the judge.
 "It is therefore not possible for me or anyone in my office to state that the judgment in Civil Action No. DV81-1177 was received from the judge's secretary on October 22, 1981. The only information reflected on the civil action summary is that on October 20, 1981 judgment was entered in favor of the plaintiff and on October 22, 1981 copies of the judgment were distributed to the parties. Beyond that information, there is no evidence as to when the judgment was actually received by my office from Judge Lutz."
The circuit court overruled Mr. Crawford's motion to reconsider.
The judgment was rendered by the district court on October 20, 1981. When the separate judgment was delivered to the district clerk, the proper filing officer, it was then automatically filed regardless of whether or not it was dated and marked filed in writing, by stamp or otherwise by that court official. CovingtonBros Motor Co. v. Robinson, 239 Ala. 226, 194 So. 663 (1940); Exparte State ex rel. Breitling, 221 Ala. 398, 128 So. 788 (1930); A.R.Civ.P., rule 5 (e); 16 Ala. Digest, Pleading, Key No. 335. "Notation of a judgment or order on separately maintained bench notes or in the civil docket or the filing of a separate judgment or order constitutes the entry of the judgment or order. . . ." A.R.Civ.P., rule 58 (c). A judgment must be rendered and entered before it is effective. Lacks v. Stribling, 406 So.2d 926
(Ala.Civ.App.), cert. denied, 406 So.2d 932 (Ala. 1981). Here, the rendition date was October 20 and the only record or unconflicting evidence as to its entry is the October 20, 1981 notation upon the case action summary which has been previously copied herein. Because of the present state of the record and since the filing date of the judgment by the district court clerk is not of record, it will be presumed to have been filed with the district clerk on the date of its rendition by the district court. Because of such presumption of filing and because of the entry upon the case action summary of October 20, the date of the entry of the judgment was October 20, the same day that it was rendered. Thus, the time for the taking of an appeal from that district court judgment commenced running on October 20, 1981. The two day delay by the clerk in providing notice to the parties of the judgment does not affect the time to appeal. A.R.Civ.P., rule 77 (d). The code, by section 12-12-70 (a), provides that an appeal from a final judgment of the district court in a civil case is perfected by filing notice of appeal in the district court "within 14 days from the date of the judgment. . . ." That means that the notice must be filed within fourteen days from the date of the entry of the judgment. The entry of the judgment was October 20 and the last day within which an appeal could be timely taken was November 3. The appeal of Mr. Crawford was not filed until November 4, which was one day too late.
An appeal is not a matter of vested right but it exists by the grace of either a statute or of a supreme court rule. An appeal must be perfected pursuant to the time and manner therein prescribed, and, if such requirements are not complied with, the appeal must be dismissed. Moutry v. State, 359 So.2d 388
(Ala.Civ.App. 1978). Since the appeal from the district court's civil judgment was not timely taken, the circuit court properly dismissed Mr. Crawford's appeal to that court. Because the evidence was inadequate to support his motion to reconsider, the circuit court also correctly overruled that motion.
We must affirm. *Page 272 
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.