This case involves a contract dispute.
The plaintiff, Jamey Cochran, entered into a written contract with the defendant, Lewis Wood, on February 5, 1982. The contract required the plaintiff to install a swimming pool for the defendant. The contract price of the pool was $13,320.30. The record indicates that after plaintiff installed the pool the defendant failed to pay the balance of the purchase price as required by the contract.
The plaintiff subsequently filed suit in the District Court of Houston County, Alabama, seeking payment of the balance of the contract price of the swimming pool. The defendant counterclaimed seeking the *Page 298 
recovery of $8,000 for breach of contract for the defendant's failure to construct the pool in a workmanlike manner.
The case was tried before the District Court of Houston County on February 25, 1986. On February 27, 1986 the district court entered judgment for the plaintiff in the amount of $4,000 on the plaintiff's breach of contract claim. The district court also entered an $8,000 judgment in favor of the defendant against the plaintiff on the defendant's counterclaim.
On March 14, 1986 the plaintiff filed notice of appeal from the district court to the circuit court. The defendant subsequently filed a motion to dismiss the plaintiff's appeal because plaintiff's notice of appeal to the circuit court was not filed within fourteen days as required by statute. The circuit court held a hearing on the defendant's motion on July 26, 1986. On July 28, 1986 the circuit court granted defendant's motion to dismiss plaintiff's appeal because it determined that plaintiff's notice of appeal was untimely.
The plaintiff appeals the circuit court's order and contends that the circuit court erred in granting defendant's motion to dismiss his appeal.
At the outset, we note that the Alabama Rules of Appellate Procedure provide that the requirements for timely notice of appeal from the district court to the circuit court shall be as provided by the Alabama legislature. See, Rule 4(a)(2), A.R.A.P. The legislature has provided that a party seeking to appeal a judgment from the district court to the circuit court shall file notice of appeal "within 14 days from the date of the judgment or the denial of a posttrial motion, whichever is later." § 12-12-70(a), Code 1975. Furthermore, Rule 58(c) of the Alabama Rules of Civil Procedure provides that "[n]otation of a judgment or order on separately maintained bench notes or in the civil docket . . . constitutes the entry of the judgment or order" and Rule 58(dc) expressly extends Rule 58(c) to judgments entered in Alabama district courts. See, Rules 58(c) and 58(dc), A.R.Civ.P.
Our review of the record in the present case indicates that the judgment rendered in the district court was entered on the case action summary sheet and signed by District Judge Denny Holloway on February 27, 1986. The record also reveals that the plaintiff did not file notice of appeal until March 14, 1986. As previously stated, Rule 58(c) provides that a judgment is entered as soon as it is noted on the civil docket or case action summary. The entry of an order in this manner, when signed by the trial judge, evidences the court's intention to adjudicate as well as the substance of the adjudication.See, Morton v. Chrysler Motors Corp., 353 So.2d 505 (Ala. 1977). Therefore, a notation by the district judge, such as the one in the present case, constitutes the "entry of judgment" for purposes of computing the fourteen-day period within which notice of appeal must be filed. See, Crawford v. Ray PearmanLincoln Mercury, 420 So.2d 269 (Ala.Civ.App. 1982); see also, Rule 58(c), A.R.Civ.P. and Committee Comments thereto.
The record before this court reveals that District Judge Holloway rendered and entered the judgment in the present case on February 27, 1986. The plaintiff filed his notice of appeal on March 14, 1986, more than fourteen days after the entry of judgment. Therefore, the plaintiff failed to file a timely notice of appeal. For this reason his appeal from the district court to the circuit court was untimely, and was, therefore, properly dismissed by the circuit court. Crawford v. Ray Pearman Lincoln Mercury, supra.
For the foregoing reasons, the circuit court did not err in dismissing the plaintiff's appeal. Its judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 299