The Tuscaloosa County Department of Human Resources filed a petition to terminate the parental rights of Mary Ann Dudley to her daughter, Ashley. An ore tenus proceeding was held on March 9, 1989. Following the proceeding, in open court, the trial court terminated all legal rights of the mother to her child. On the same day, the trial court made the following entry on the case action summary sheet:
 "3/9/89. Petition heard in open court with mother, mother's attorney, guardian ad litem for child, DHR attorney, DHR case worker, and assistant district attorney all present. Court finds evidence to be clear and convincing that parental rights should be terminated. Petition granted. See Order of this date. All costs and fees waived.
 "Paul Conger "Judge"
A separate, more in-depth order dated March 9, 1989, was issued by the trial court, but it was not stamped "filed" by the clerk until March 13, 1989. The mother filed a notice of appeal on March 27, 1989. DHR filed a motion to dismiss the appeal, citing the mother's failure to timely file her written notice of appeal within the fourteen days allowed by Rule 28(C) of the Alabama Rules of Juvenile Procedure.
Rule 28(C), A.R.J.P., provides that written notice of appeal shall be filed within fourteen days of the "judgment, order or decree appealed from." The dispositive issue here is which action constituted the entry of judgment for purposes of calculating the time for appeal. The mother asserts that the time for appeal began to run on March 13, 1989, the date the in-depth order was stamped "filed" by the circuit clerk. DHR, on the other hand, asserts that the notation made on the case action summary sheet, dated and signed by the trial court on March 9, 1989, began the time for appeal.
Rule 58(c), Alabama Rules of Civil Procedure, provides that "[n]otation of a judgment or order on separately maintained bench notes or in the civil docket . . . constitutes the entry of judgment or order." A judgment need no longer be phrased in formal language nor bear particular words of adjudication. It is sufficient if it is signed or initialed by the trial court and, in considering the entire record, it evidences an intention to adjudicate and the substance of adjudication.Purnell v. Covington County Board of Education, *Page 1122 519 So.2d 560 (Ala.Civ.App. 1987). The committee comments to Rule 58 provide that
 "[a] judgment is effective at the time of its notation in the civil docket or its notation on separately maintained bench notes or upon the filing of a separate judgment or order. The time limitation in which to attack the judgment runs from the occurrence of any of the events specified in the preceding sentence."
And, in Cochran v. Wood, 504 So.2d 297 (Ala.Civ.App. 1986), we held that "Rule 58(c) provides that a judgment is entered as soon as it is noted on the civil docket or case action summary."
In reviewing the entire record, we find that the order entered by the trial court on the case action summary sheet on March 9, 1989, evidenced the trial court's intention to adjudicate all matters concerning the termination of the mother's parental rights. We find, therefore, that the March 9, 1989, notation constituted the "entry of judgment" for purposes of computing the fourteen-day period within which notice of appeal should have been filed. The mother's March 27, 1989, notice of appeal was untimely filed and is due to be dismissed.
APPEAL DISMISSED.
ROBERTSON and RUSSELL, JJ., concur.