This case involves the failure to file notice of appeal pursuant to Rule 4, A.R.App.P.
The appellees' motion for summary judgment and supporting affidavits were filed on October 23, 1989. An amended complaint was filed by the appellant on October 27, 1989. Appellees responded with a lengthy motion to dismiss as to all claims in the amended complaint. Appellant, on December 18, 1989, filed a motion objecting to appellees' "motion for summary judgment."
The record reflects that the appellees' motion for summary judgment was granted, and judgment was entered on the case action summary sheet and signed by Judge Baird on January 18, 1990. No appeal was taken from this order. A separate, more explanatory order dated March 23, 1990, was issued by the trial court from which the appellant filed a notice of appeal on April 24, 1990.
If the January 18, 1990, order constitutes an entry of judgment, then this court is without jurisdiction, and this appeal must be dismissed. Timely filing of a notice of appeal is necessary to invoke the jurisdiction of the appellate court and cannot be waived. Rule 2(a)(1), A.R.App.P.
Rule 58(c), A.R.Civ.P., provides that a judgment is entered as soon as it is noted on the case action summary. The entry of an order in this manner, when signed by *Page 61 
the trial judge, evidences the court's intention to adjudicate as well as the substance of the adjudication, Cochran v. Wood,504 So.2d 297 (Ala.Civ.App. 1986), and constitutes the entry of judgment. Dudley v. State Dep't of Human Resources,555 So.2d 1121 (Ala.Civ.App. 1989).
In reviewing the record, we find that the order entered by the trial court on January 18, 1990, evidenced the trial court's intention to adjudicate all matters between the parties by way of summary judgment. Therefore, the January 18, 1990, order constituted the "entry of judgment" for purposes of computing the time period within which notice of appeal should have been filed. Dudley. The appellant's April 24, 1990, notice of appeal was untimely. This court is without appellate jurisdiction, and we have no alternative but to dismiss this appeal.
APPEAL DISMISSED.
THIGPEN and RUSSELL, JJ., concur.