MONROE, Judge.
Charles Chancellor appeals from the trial court’s judgment increasing his child-support obligation.
On October 17, 1986, a judgment was entered divorcing Charles Chancellor and Pearl L. Chancellor, father and mother of a minor child, and ordering Charles Chancellor to pay child support for the minor child. On September 9, 1997, the State of Alabama, acting-on behalf of the mother, petitioned to modify the child support award. The trial court held a hearing on November 5, 1997, and, on the same day, entered an order increasing the father’s child support obligation to $605 per month. On December 5,1997, the father moved to set aside the judgment; the court denied his motion on February 24, 1998. The father filed his notice of appeal on April 8, 1998, which was 43 days after the entry of the order denying his postjudgment motion.
The father’s motion to set aside the judgment was filed pursuant to Rule 59(e), Ala. R. Civ. P. According to Rule 4(a)(3), Ala. R.App. P., the filing of a postjudgment motion pursuant to Rule 59 suspends the running of the time for the filing of a notice of appeal, so that the time begins to run from the date of the entry of an order granting or denying the motion. The date of “entry” of an order is the date that the order was filed or the date it was noted in the civil docket. Rule 58, Ala. R. Civ. P.
On his notice of appeal, the father stated that February 25, 1998, was the date of the entry of the order denying his post-judgment motion. The record contains a copy of the order, which is clearly stamped as having been “filed” in the circuit clerk’s office on February 24,1998. The case action summary sheet also shows February 24, 1998, as the date of the filing of the order. In his brief to this court, the father correctly states that the order was entered on February 24, 1998. The order was mailed to the parties on February 25, 1998, but the date it was filed, not the date it was mailed, is the date of entry. See Crawford, v. Ray & Pearman Lincoln Mercury, 420 So.2d 269 (Ala.Civ.App.1982).
Thus, the time for the filing of the father’s appeal is computed from February 24, 1998, the date of the entry of the order denying his postjudgment motion. Rule 4(a)(1) provides that a notice of appeal shall be filed within 42 days of the judgment appealed from. The father did not file his notice of appeal within the 42 days. Because the timely filing of a notice of appeal is a jurisdictional act, we have no choice but to dismiss this appeal.
APPEAL DISMISSED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.