MONROE, Judge.
In January 1999, the Department of Human Resources (“DHR”) filed a petition to terminate the parental rights of B.S. (“the mother”) and J.S. (“the father”) to two of their minor children, E.A.S. and C.A.S. (“the children”).
On March 2, 2000, the juvenile court conducted a hearing. At the conclusion of the hearing, the trial judge stated, “I find that the evidence is overwhelming that the mother and father are unable to care for these children and I will be entering an appropriate order to terminate the parental rights.” The mother’s attorney immediately stated, “Oral notice of appeal.”
On March 9, 2000, the juvenile court filed an order, terminating the mother and father’s parental rights as to the two children. On March 28, 2000, the mother’s attorney filed a written notice of appeal. Thereafter, DHR filed an objection to the notice of appeal, contending that it was untimely filed because it had been filed outside the 14-day limit. (See Rule 28(C), Ala. R. Juv. P.) On April 5, 2000, the juvenile court made the following entry on the case action summary sheet: “[The mother’s attorney] having given oral notice of appeal on record, the written notice of appeal is allowed.”
DHR contends that this appeal should be dismissed because, it says, the notice of appeal was untimely. We agree.
Section 26-18-4, Ala.Code 1975, states that “proceedings to terminate parental rights shall be governed by Title 12, Chapter 15, Article 3 and by the Alabama Rules of Juvenile Procedure.” In Crawford v. Ray & Rearman Lincoln Mercury, 420 So.2d 269, 271 (Ala.Civ.App.1982), this court stated:
“An appeal is not a matter of vested right but it exists by the grace of either a statute or ... a supreme court rule. An appeal must be [taken in] the time and manner therein prescribed, and, if such requirements are not complied with, the appeal must be dismissed.”
(Emphasis added.)
Rule 28(C), Ala.R.Juv. P., states: “Written notice of appeal shall be filed within 14 days of the date the judgment, order, or decree appealed from is filed in the clerk’s office, whether the appeal is to an appellate court or to the circuit court for a trial de novo.” (Emphasis added.) Rule 28(C) clearly states that a written notice of appeal is to be filed within 14 days of the date of the order appealed from is filed in the clerk’s office.
The juvenile court’s order was filed March 9, 2000. In order for the mother’s appeal to be taken in “the time and manner ... prescribed” in Rule 28(C), the mother should have filed a written notice of appeal by March 23, 2000. She did not file a written notice of appeal until March 28, 2000.
*745 This court lacks jurisdiction to consider this appeal, because the mother’s notice of appeal was not filed in the time and manner prescribed in Rule 28(C), Ala. R. Juv. P. Thus, the appeal must be dismissed. Rule 2(a)(1), Ala. R.App. P.
APPEAL DISMISSED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.