In June 1999, the Bobby Terry Company ("BTC") filed two civil actions in the Madison County Circuit Court against a number of defendants, including Compass Bank ("Compass") and Wilson Lumber Company, Inc. ("Wilson Lumber"), seeking enforcement of mechanic's and materialman's liens against two improved parcels of real property located in Madison County (the parcels being hereinafter referred to as "Lot 65" and "Lot 228"). The action pertaining to Lot 65 was assigned case number CV-99-1204, while the action pertaining to Lot 228 was assigned case number CV-99-1205. Wilson Lumber filed answers and counterclaims against BTC and cross-claims against Compass and the owner of both lots. The owner of the parcels, R.E.R., Inc., filed for protection under Title 11 of the United States Bankruptcy Code and was dismissed from both actions by the trial court. Later, on the motion of Compass, the trial court ordered the two actions consolidated for trial (see Rule 42, Ala.R.Civ.P.).[1]
Compass filed a motion for a summary judgment in case number CV-99-1205 seeking a declaration that its mortgage upon Lot 228 was entitled to priority over any interest Wilson Lumber might have in Lot 228. That motion was granted; the trial court also granted BTC's motion for voluntary dismissal of its claims as to Lot *Page 436 
228. Wilson Lumber then attempted to appeal from the order granting Compass's summary-judgment motion in case number CV-99-1205; however, because Wilson Lumber's counterclaim had not yet been adjudicated as to all parties, this court dismissed that appeal on November 7, 2000, as not having been taken from a final judgment. Wilson Lumber Co. v. CompassBank, (No. 2991274) 822 So.2d 494 (Ala.Civ.App. 2000) (table).
After Wilson Lumber's first appeal had been dismissed, the trial court reinstated R.E.R., Inc., as a cross-claim defendant in case number CV-99-1205. Wilson Lumber filed a motion for a summary judgment, which the trial court denied. On April 24, 2001, after an ore tenus proceeding, a final judgment was entered on the remaining claims in case number CV-99-1205; in that judgment the trial court determined that Wilson Lumber had not established the liability of R.E.R., Inc., for the materials Wilson Lumber claimed to have delivered to Lot 228; that Wilson Lumber was not entitled to a money judgment against R.E.R., Inc.; and that Wilson Lumber was not entitled to a materialman's lien on Lot 228.
On May 7, 2001, Wilson Lumber filed a motion, pursuant to Rule 59(e), Ala.R.Civ.P., to alter, amend, or vacate the trial court's judgment. The trial court denied that motion on Wednesday, May 9, 2001; that denial was noted on the case action summary sheet on that day.[2] Wilson Lumber filed a notice of appeal from the judgment in case number CV-99-1205 on Thursday, June 21, 2001, 43 days later.
Although neither party has questioned this court's jurisdiction, we first consider whether we have jurisdiction over this appeal, because "`jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.'" Wallace v. Tee Jays Mfg.Co., 689 So.2d 210, 211 (Ala.Civ.App. 1997) (quoting Nunn v. Baker,518 So.2d 711, 712 (Ala. 1987)).
Rule 4(a)(1), Ala.R.App.P., provides (with limited exceptions not here pertinent) that a party desiring to appeal to an appellate court must file his or her notice of appeal within 42 days of the date of the entry of the judgment appealed from. While Rule 4(a)(3), Ala.R.App.P., provides that the filing of a postjudgment motion under Rule 59, Ala.R.Civ.P., will suspend the time for filing a notice of appeal, "the full time fixed for filing a notice of appeal shall be computed from the date of the entry in the civil docket of an order granting or denying such motion." (Emphasis added.) In this case, the trial court entered an order denying Wilson Lumber's postjudgment motion on Wednesday, May 9, 2001. Thus, the 42-day period for filing a notice of appeal from the trial court's judgment expired on Wednesday, June 20, 1999. See Rule 26(a), Ala.R.App.P. (in computing periods of time prescribed by appellate rules, the day of the event from which a designated period of time begins to run is not included; however, the last day of the period is included unless it is a Saturday, a Sunday, or a legal holiday, in which case the period extends until the end of the next day that is not a Saturday, Sunday, or legal holiday); see also Ala.R.App.P. Appendix IV, "Overview of Alabama Rules of Appellate Procedure — The Time Table" ("if . . . the order ruling on the post-judgment motion is entered on a Wednesday, the notice of *Page 437 
appeal must be filed within 42 days (six weeks), the last day of which also falls on a Wednesday."). Thus, Wilson Lumber's notice of appeal, which was filed on Thursday, June 21, 2001, was not timely filed.
Rule 2(a)(1), Ala.R.App.P., provides that "an appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." Because we have concluded that Wilson Lumber's notice of appeal was not timely filed, we have no alternative but to dismiss its appeal. Asam v. City of Tuscaloosa, 585 So.2d 60
(Ala.Civ.App. 1991), cert. denied, 502 U.S. 1033 (1992).
APPEAL DISMISSED.
Yates, P.J., and Crawley, Thompson, and Pittman, JJ., concur.
[1] We note that while case number CV-99-1204 and case number CV-99-1205 were consolidated for trial, "each action retain[ed] its separate identity and thus require[d] the entry of a separate judgment."League v. McDonald, 355 So.2d 695, 697 (Ala. 1978). It is unclear whether a final judgment has been entered in case number CV-99-1204.
[2] Although the trial court's notation on the face of the motion is dated May 9, 2001, the motion bears a repetitive filing stamp dated one day earlier, as well as a notation indicating that copies were mailed by the circuit clerk to counsel for all parties in interest on May 8, 2001. However, that discrepancy does not affect our analysis.