MURDOCK, Judge.
Joel Turner Weekley (“the former husband”) appeals from a judgment and a postjudgment order denying his petition to reduce or terminate the periodic alimony payable by him to Sharon Elizabeth Week-ley (“the former wife”).
The parties were divorced in 1996. The divorce judgment awarded the former wife periodic alimony in the amount of $1,000 per month. In October 2004, the former husband filed this action, requesting that his alimony obligation be terminated or reduced.
On July 5, 2005, the trial court conducted a hearing on the matter at which evidence was received ore tenus. The case-action-summary sheet (“CAS”) bears a typed entry dated July 7, 2005, that reads: “Motion to modify is denied.” This entry is neither signed nor initialed by the trial judge.
On July 27, 2005, the former husband filed a purported postjudgment motion. See Rule 59, Ala. R. Civ. P. On September 13, 2005, a hearing was held on the former husband’s motion. At the end of the hearing, the judge orally announced her inten *677 tion to deny that motion. The CAS contains an entry dated September 13, 2005; that entry reads: “Argument under Rule 59 this date. Motion denied.” That entry is neither signed nor initialed by the judge.
The former husband appeals. We pre-termit a discussion of the merits of this case; instead, ex mero motu, we address the efficacy of the purported judgment from which the former husband attempts to appeal.
A judgment is, and of necessity must be, the act of a judge. See 49 C.J.S. Judgments § 106 (1997).
“The rendition of a judgment is a judicial act by the court and must be rendered by a judge. A judgment entered without previous judicial action by the court is void. The rendition of judgment is not a ministerial act which may be delegated to the clerk of court. It is a manifestation of the court’s decision that constitutes the rendition of a judgment.”
46 Am. Jur.2d Judgments § 57 (2006) (footnotes omitted; emphasis added).
“Since the rendition of a judgment is a judicial act of the court, ... as a general rule it must be performed as such by the judge or magistrate who holds or presides in such court, and not by attorneys or ministerial officers of the court. Thus, in the absence of statutory provision to the contrary, the decision must be rendered by the judge and not by the clerk of the court, in order to constitute it a judgment.”
49 C.J.S. Judgments § 107 (1997) (footnotes omitted).
Consistent with these principles, Rule 58(b), Ala. R. Civ. P., requires that a judgment or order be signed or initialed by the trial judge. Hillegass v. State, 795 So.2d 749, 751 (Ala.Civ.App.2001). Rule 58(b) provides:
“Sufficiency of Judgment, Order, or Minute Entry Thereof. A judgment or order, or the minute entry thereof, need not be phrased in formal language nor bear particular words of adjudication. The judgment or order, or the minute entry thereof, will be sufficient if it is signed or initialed by the judge ... and indicates an intention to adjudicate, considering the whole record, and if it indicates the substance of the adjudication.”
In Ex parte Roberson, 749 So.2d 441 (Ala.1999), our Supreme Court reviewed the rationale for requiring orders to be signed or initialed and, in a plurality opinion, stated:
“According to the Committee Comments to Rule 58, the rule was amended effective March 1, 1984, to require ‘that a judgment, order, or minute entry be signed or initialed by the judge.’ The rationale, as explained by the Committee in its Comments to the March 1, 1984, amendment, is:
“ ‘Under Rule 58(b) there have developed some problems in determining whether an order of the court is intended to serve as a judgment disposi-tive of the lawsuit or as an order of lesser proportions.... This amendment requires the judge to add his signature or initials to the place in the record where the notation of the fact of the judgment appears. While this amendment does not alter the standard for evaluating the sufficiency of the phraseology, it does require, in the form of a signing or initialing, a direct judicial intervention in the process of making up the judgment, order, or minute entry. This mandate of direct involvement by the court should result in a greater concern for the necessity for clarity in a judgment or order.’
*678 “(Citations omitted.) The entry of an order, signed or initialed by the trial judge, evidences the trial court’s intention to adjudicate. See, Cochran v. Wood, 504 So.2d 297 (Ala.Civ.App.1986).
“Thus, the requirement of a judge’s signature is to provide evidence of direct judicial intervention.”
749 So.2d at 448 (emphasis added).[1]
The requirement that the judge sign or initial the judgment ensures that the judgment is in fact the act of the judge and not that of the “court system.” It also helps ensure that the judgment accurately reflects the trial judge’s intentions. Requiring the judge to sign or initial the judgment or order eliminates the risk of confusion, misunderstanding, and mistakes that might arise from informal communications between the judge and other court personnel. Furthermore, the signature requirement helps protect against incorrect dating of judgments and orders.
The main opinion in Ex parte Roberson describes a “long-standing policy” of the Supreme Court to remand causes in which the judgment or order from which an appeal is taken is neither signed nor initialed, but the appeal is otherwise timely. Because the final judgment in this case was neither signed nor initialed by the trial judge, and consistent with the remand procedure described in Ex parte Roberson, 749 So.2d at 448, we remand the cause to provide the trial court with an opportunity, within 14 days of the release of this opinion, to enter a final judgment that complies with Rule 58(b) and to enter an order on the former husband’s postjudgment motion that complies with Rule 58(b). Also consistent with the procedure described in Ex parte Roberson, a failure by the trial judge to respond to this remand within 14 days will subject this appeal to dismissal.
REMANDED 
CRAWLEY, P.J., and THOMPSON, PITTMAN, and BRYAN, JJ., concur.

. We note that the federal judiciary addresses the need for direct judicial intervention by requiring that judgments be set forth in separate documents. Rule 58(a), Fed.R.Civ.P.