PITTMAN, Judge.
This appeal arises from dependency proceedings originally brought by G.P. (“the grandmother”) in the Baldwin Juvenile Court as to two children, S.R. and S.D. (“the children”), whose mother, F.R. (“the mother”), is the grandmother’s daughter and whose fathers are different men. We dismiss the appeal as untimely.
In January 2005, the grandmother filed a request for emergency relief and a complaint in the juvenile court seeking temporary and permanent custody of each of the children. The grandmother averred that the mother was unfit to retain custody of the children in that, the complaint alleged, the mother had neglected the welfare and best interests of the children by, among other things, rearing the children in an environment of “squalor” and “filth.” The juvenile court assigned separate case numbers as to each child and entered a pickup order immediately placing the children in the grandmother’s custody pending a hearing; however, after an initial ore tenus hearing in late January 2005, temporary custody of the children was placed with a great-aunt of the children, with the Baldwin County Department of Human Resources (“DHR”) being directed to develop a visitation plan for all parties and to *464 conduct home studies as to the grandmother, the mother, and the father of one of the children. The grandmother’s husband, D.P. (“the stepgrandfather”), was permitted to intervene in the actions, and a guardian ad litem (“GAL”) was appointed to represent the interests of the children.
In April 2005, counsel for the grandmother and counsel for the mother, along with an attorney for one of the children’s fathers and the GAL, entered into an interlocutory settlement agreement in open court under which, in pertinent part, the children would be returned to the mother pending the entry of a final judgment, with the grandmother having a “first right of refusal” to be selected as a caregiver when the mother and the particular child’s father could not care for one or both of the children. However, for reasons that are unclear, that settlement, although recited into the record, was not reduced to an order until March 2006. During the period between the transcription of the settlement agreement and the entry of the order, the grandmother filed a motion in August 2005 for a finding of contempt against the mother with respect to her alleged use of other babysitters. Also, the mother filed a motion in October 2005 to terminate all contact by the children with the grandmother and the stepgrandfather on the basis that the children had made sexual-abuse allegations against the step-grandfather, yet were allegedly being forced by the grandmother, against their will, to sleep in the same bed with the stepgrandfather.
The juvenile court held a hearing over two days in February 2006 concerning the pending motions of the grandmother and the mother. After a series of continuances, the juvenile court heard additional testimony as to those motions on December 12, 2006. On December 13, 2006, the juvenile court placed directly on the case-action-summary sheet in both cases a signed, handwritten entry granting the mother’s motion to terminate contact, which also effectively denied the grandmother’s custody claim and her contempt motion. The juvenile court thereby simultaneously both “rendered” and “entered” an appealable order on December 13, 2006, under Rule 58(a) and (c), Ala. R. Civ. P., which was applicable to the two cases at issue.[1] See State Dep’t of Human Res. v. I.P., 874 So.2d 1121, 1123 (Ala.Civ.App.2003), and Dudley v. State Dep’t of Human Res., 555 So.2d 1121, 1121-22 (Ala.Civ.App.1989); see generally Smith v. Jackson, 770 So.2d 1068, 1071-72 (Ala.2000) (discussing the operation of the former version of Rule 58(c)).
Both Rule 28(C), Ala. R. Juv. P., and Rule 4(a)(1)(E), Ala. R.App. P., require a notice of appeal from an order or judgment of the juvenile court to be filed within 14 days of the entry of the pertinent order or judgment. The grandmother did not file a notice of appeal until December 28, 2006, 15 days after the entry of the juvenile court’s December 13, 2006, order. Under Rule 2(a)(1), Ala. R.App. P., “[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court” (empha *465 sis added); see also Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987) (noting that matters of appellate jurisdiction are of such magnitude that an appellate court will take notice of them at any time). Given this court’s lack of jurisdiction to consider the merits of the appeal, the mother’s request for an award of attorney fees on appeal is denied. See J.W. v. W.D.J., 743 So.2d 467, 469 (Ala.Civ.App.1999) (denying award of attorney fees to appellee when appeal from judgment of juvenile court was dismissed for lack of jurisdiction on appellate court’s own motion).
APPEAL DISMISSED.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.

. We note that Rule 58(c), Ala. R. Civ. P., was amended effective September 19, 2006, so as to provide that "entry” of a judgment occurs on "the actual date of the input of the order or judgment in the State Judicial Information System” rather than upon "[njotation of a judgment or order ... in the civil docket,” as the rule formerly provided. However, the amendment became effective long after the commencement of the actions at issue in this appeal, and the former rule therefore governs. See Wagner v. White, [Ms. 2050525, February 23, 2007] - So.2d - , - n. 2 (Ala.Civ.App.2007) (citing Lennon v. Petersen, 624 So.2d 171, 172 (Ala.1993)).