*703
 
 THOMPSON, Presiding Judge.
 

 DeWayne Woods appeals from the judgment of the Dallas Circuit Court dismissing his appeal from the Dallas District Court’s judgment in his action against Federated Mutual Insurance Co. (“Federated”) (appeal number 2070867) and from the judgment of the Dallas Circuit Court dismissing his action against Plumbing Contractors, LLC (“Plumbing Contractors”), and Timothy M. Sims (appeal number 2070872). This court consolidated Woods’s appeals. For the reasons stated herein, we dismiss the former appeal, and we affirm the circuit court’s judgment challenged in the latter appeal.
 

 On March 10, 2006, Federated, as subro-gee of Plumbing Contractors, sued Woods in the Dallas District Court. It alleged that Woods had damaged a truck owned by Plumbing Contractors, Federated’s insured, in an automobile accident on September 2, 2005. Federated claimed that it had paid $5,932.67 for the damage caused by Woods, and it claimed that amount from Woods as damages. After Woods did not answer the complaint, the district court entered a default judgment against Woods on July 14, 2006.
 

 On May 31, 2007, Woods filed a motion to set aside the district court’s default judgment. He argued that, at the time of the application for default, Federated knew that he was represented by counsel and that he disputed Federated’s claim. He argued that the default judgment was due to be set aside on the basis of “mistake, inadvertence, surprise or excusable neglect,” and he asserted that he had a meritorious defense to Federated’s action. He also filed a claim of exemption from garnishment.
 

 Also on May 31, 2007, Woods filed a complaint in the Dallas Circuit Court against Plumbing Contractors and Timothy Sims (“the circuit-court action”). He alleged that Sims, in the line and scope of his duties as an employee of Plumbing Contractors, had negligently and wantonly caused the automobile accident that was the basis of Federated’s district-court action and that Plumbing Contractors had negligently hired, trained, and supervised Sims. Woods sought a judgment in the amount of $50,000 for his alleged pain and suffering, mental anguish, emotional distress, and medical expenses, as well as punitive damages. Woods’s action was assigned case number CV-07-132.
 

 The district court held a hearing on July 24, 2007, on Woods’s motion to set aside the default judgment and on his claim of exemption from garnishment. On August 3, 2007, the district court wrote on the case-action summary that Rule 60(b), Ala. R. Civ. P., requires that the grounds set out in Woods’s motion be raised within four months of the entry of the judgment. Because they were not, the court wrote, Woods’s motion was denied. A stamp on the case-action summary indicated that the district court’s order was filed in the clerk’s office on August 9, 2007. The State Judicial Information System (“SJIS”) report from the district-court action reflected that an order was entered on August 13, 2007, denying Woods’s claim for an exemption from garnishment. The SJIS report did not reflect the district court’s denial of Woods’s motion to set aside the default judgment.
 

 On August 15, 2007, Plumbing Contractors filed a motion to dismiss the circuit-court action. It argued that the district court’s judgment in Federated’s district-court action barred the circuit-court action under the doctrine of res judicata. It argued in the alternative that the circuit-court action was barred because the claims Woods asserted therein were required to have been brought as compulsory counterclaims in Federated’s district-court action.
 

 
 *704
 
 On August 23, 2007, Woods filed a notice of appeal to the Dallas Circuit Court from the district court’s denial of his motion to set aside the default judgment. That case was assigned case number CV-07-181. (Woods’s appeal of the district-court judgment to the circuit court is hereinafter referred to as “the district-court appeal.”)
 

 On September 24, 2007, Federated filed a motion to dismiss the district-court appeal. It asserted, among other things, that Woods had failed to timely file his notice of appeal of the district court’s denial of his motion to set aside the default judgment.
 
 See
 
 § 12-12-70, Ala.Code 1975. As a result, it argued, the notice of appeal was untimely and the circuit court lacked jurisdiction over. Woods’s appeal. On October 9, 2007, Woods filed a motion to consolidate the circuit-court action with the district-court appeal. The circuit court denied that motion on October 22, 2007.
 

 On November 13, 2007, the circuit court dismissed the district-court appeal on the basis that Woods had not timely filed his appeal of the district court’s order denying his motion to set aside the default judgment.
 

 On November 26, 2007, Sims and Plumbing Contractors filed a supplement in support of the pending motion to dismiss the circuit-court action. They argued that the circuit court’s dismissal of the district-court appeal meant that the district court’s judgment remained a valid judgment and continued to bar the circuit-court action under the doctrine of res judi-cata.
 

 Also on November 26, 2007, Woods filed a motion to vacate the dismissal of the district-court appeal and to set aside the district court’s default judgment. He argued that he was not served with the summons and/or the complaint in the district-court action. Thus, he contended, the district court never obtained .jurisdiction over him and, as a result, its default judgment in favor of Federated was void. On December 6, 2007, Woods filed a response to Sims and Plumbing Contractors’ motion to dismiss the circuit-court action in which he argued that the judgment in the district-court action was void for lack of jurisdiction and that, because it was a default judgment, it could not serve as a basis for barring the circuit-court action under the doctrine of res judicata.
 

 On January 16, 2008, the circuit court granted the motion to dismiss the circuit-court action and denied Woods’s motion to vacate its order dismissing the district-court appeal. On February 12, 2008, Woods filed a document that he styled a “renewed motion to vacate order of dismissal and to set aside default judgment.” The document bore the case numbers of both actions. In that motion, Woods argued that the district court’s order denying his motion to set aside the default judgment was not entered, under Rule 58, Ala. R. Civ. P., until August 13, 2007, which, according to him, was the date on which the order was entered into the SJIS.
 
 [1]
 
 Because there is a 14-day deadline by which to file an appeal to the circuit court following the entry of an adverse judgment by the district court,
 
 see
 
 § 12-12-70, Ala.Code 1975, he argued that his August 23, 2007, appeal of that order to the circuit court was timely filed. Woods’s February 12, 2008, motion, to the extent that it was a properly filed postjudgment motion under Rule 59(e), Ala. R. Civ. P., was denied by operation of law on May 12,
 
 *705
 
 2008.
 
 See
 
 Rule 59.1, Ala. R. Civ. P. (If a trial court fails to dispose of a post-judgment motion filed pursuant to Rule 59(e) within 90 days of the date on which it is filed, the motion is denied by operation of law.). On June 19, 2008, Woods appealed the dismissals of both the circuit-court action and the district-court appeal to this court.
 

 Woods contends that the circuit court erred when it dismissed both of the actions. He argues that his notice of appeal from the district court’s denial of his motion to set aside the default judgment was filed in a timely manner. Before reaching the merits of this contention, however, we turn first to the question whether this court has jurisdiction to entertain Woods’s appeals.
 
 [2]
 
 Our review of the record indicates that, although we have jurisdiction to consider the appeal from the circuit-court action, we do not have jurisdiction to consider the appeal from the district-court appeal.
 

 As previously noted, the circuit court dismissed the district-court appeal on November 13, 2007. That dismissal constituted a final judgment in that case because it was “ ‘a terminative decision by a court of competent jurisdiction which demonstrate^!] there ha[d] been complete adjudication of all matters in controversy between the litigants within the cognizance of that court.’ ”
 
 Coosa Valley Health Care v. Johnson,
 
 961 So.2d 903, 905 (Ala.Civ.App.2007) (quoting
 
 Jewell v. Jackson & Whitsitt Cotton Co.,
 
 331 So.2d 623, 625 (Ala.1976)). Woods filed a postjudgment motion to vacate the judgment in that case on November 26, 2007. That motion, filed pursuant to Rule 59(e), Ala. R. Civ. P., tolled the time for taking an appeal from the circuit court’s judgment of dismissal.
 
 See
 
 Rule 4(a)(3), Ala. R.App. P. The circuit court denied Woods’s postjudgment motion on January 16, 2008. Woods had 42 days from that date, or until February 27, 2008, to file a notice of appeal in that action.
 
 [3]
 
 He did not file a notice of appeal until June 19, 2008. Because Woods’s notice of appeal of the dismissal of the district-court appeal was filed more than 42 days after the denial of his postjudgment motion in that action, the notice was untimely and this court is left with no alternative but to dismiss his appeal of that action.
 
 See Parker v. Parker,
 
 946 So.2d 480, 485 (Ala.Civ.App.2006) (“[A]n untimely filed notice of appeal results in a lack of appellate jurisdiction, which cannot be waived.”).
 

 We conclude that this court does, however, have jurisdiction over the appeal from the dismissal of the circuit-court action. The circuit court dismissed
 
 *706
 
 that action on January 16, 2008. Woods’s February 12, 2008, motion to vacate the dismissal of that action tolled the time for filing an appeal in that action.
 
 See
 
 Rule 4(a)(3), Ala. R.App. P. As previously noted, the February 12, 2008, motion to vacate the dismissal was denied by operation of law on May 12, 2008, the circuit court having failed to rule on it.
 
 See
 
 Rule 59.1, Ala. R. Civ. P. Woods filed his notice of appeal from the circuit court’s dismissal of the circuit-court action on June 19, 2008, within 42 days from the denial of his postjudgment motion in that case. As a result, his appeal from the dismissal of the circuit-court action is timely.
 

 We turn now to the merits of Woods’s appeal from the dismissal of the circuit-court action. The basis for Sims and Plumbing Contractors’ motion to dismiss the circuit-court action was that the district court’s default judgment in favor of Federated and against Woods constituted a bar under the doctrine of res judicata to Woods’s later action against them in the circuit court. In his principal brief, Woods has made no argument with regard to the doctrine of res judicata, the entire basis of Sims and Plumbing Contractors’ motion to dismiss, nor has he cited to any legal authority bearing on the issue.
 

 Rule 28(a)(10), Ala. R.App. P., requires an appellant to present arguments in its brief supported by adequate legal authority.
 
 Spradlin v. Spradlin,
 
 601 So.2d 76, 79 (Ala.1992). It is not the duty of the appellate court to make arguments for the parties, nor is it the appellate court’s duty to conduct the parties’ legal research.
 
 See Dykes v. Lane Trucking, Inc.,
 
 652 So.2d 248, 251 (Ala.1994) (“[I]t is not the function of this Court to do a party’s legal research or to make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument.”). Because Woods does not make an argument that is responsive to the basis of the circuit court’s judgment and because he provides this court with no legal basis for reversing the circuit court’s dismissal of his action against Plumbing Contractors and Sims, that judgment is due to be affirmed.
 

 Based on the foregoing, we dismiss Woods’s appeal from the district-court appeal, appeal number 2070867, and we affirm the circuit court’s dismissal of the circuit-court action, appeal number 2070872.
 

 2070867 — APPEAL DISMISSED.
 

 2070872 — AFFIRMED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . Rule 58(c), Ala. R. Civ. P., provides, in pertinent part, that ''[a]n order or a judgment shall be deemed ‘entered’ within the meaning of these Rules and the Rules of Appellate Procedure as of the actual date of the input of the order or judgment into the State Judicial Information System.”
 

 [2]
 

 . Although none of the parties argues that this court is without jurisdiction over Woods's appeals, " jurisdictional matters are of such magnitude that we take notice of them at any time and do so even
 
 ex mero motu.'
 
 "
 
 Wallace v. Tee Jays Mfg. Co.,
 
 689 So.2d 210, 211 (Ala.Civ.App.1997) (quoting
 
 Nunn v. Baker,
 
 518 So.2d 711, 712 (Ala.1987)).
 

 [3]
 

 . Woods's February 12, 2008, motion did not toll the time for filing a notice of appeal of the dismissal of the district-court appeal. After the first Rule 59(e) postjudgment motion is denied, subsequent motions filed pursuant to that rule do not toll the time for taking an appeal.
 
 See Durr v. Durr,
 
 961 So.2d 139, 140 (Ala.Civ.App.2006) ("[I]t long has been held that 'while a Rule 59 motion tolls the time for taking an appeal, a subsequent request, by whatever label, seeking the trial court’s reconsideration of its ruling on the former Rule 59 motion, does not operate to further toll the time for the appeal.' ” (quoting
 
 Sunshine Homes, Inc. v. Newton,
 
 443 So.2d 921, 923 (Ala.1983), rev'd on other grounds,
 
 Ex parte Mutual Sav. Life Ins. Co.,
 
 765 So.2d 649 (Ala.1998))). Woods’s “motion cannot be construed as one pursuant to Rule 60(b), Ala. R.App. P., because it did not allege any of the grounds for relief under that rule."
 
 Moss v. Mosley,
 
 948 So.2d 560, 565 (Ala.Civ.App.2006).