DONALDSON, Judge.
Aaron Christopher Mitchell (“the husband”) appeals from the judgment of the Autauga Circuit Court (“the trial court”) divorcing him from Shauna Lee Campbell (“the wife”), dividing the parties’ property, and awarding alimony to the wife. Because the husband’s notice of appeal was not timely filed, this court has no jurisdiction to consider the husband’s appeal.
On March 28, 2011, the wife and the husband were married in Texas. The parties lived in various places during their marriage. In February 2014, the parties moved to North Dakota, where they separated in July 2014. On September 2, 2014, the wife filed a complaint for a divorce in the trial court. The husband was served on October 21, 2014.
On November 4, 2014, a pendente lite hearing was held by a special master appointed by the trial court. The wife, her attorney, and the husband’s attorney were present. The special master heard testimony and determined that the wife was a resident of Alabama. The special master also recommended that the husband pay $1,500 per month in pendente lite alimony to the wife. These findings were adopted by the trial court.
On December 31, 2014, the husband filed an answer and a counterclaim for a divorce. On January 5, 2015, the wife filed a *922 motion to hold the husband in contempt for his failure to pay alimony as ordered by the court on November 4, 2014. The trial court entered an order on January 9, 2015, in which it stated that the wife’s contempt motion was required to be filed as a new petition with a new filing fee.
On January 5, 2015, the wife served the husband with a request for discovery. On February 20, 2015, the wife filed a motion to compel the husband to submit his discovery responses and a motion to set a final hearing. On February 20, 2015, counsel for the husband filed a motion to withdraw.
On February 23, 2015, the trial court entered an order allowing the husband’s counsel to withdraw and admonishing the husband to either retain counsel or to be prepared to proceed without counsel. On February 23, 2015, the trial court also entered an order in which it compelled the husband to respond to the wife’s discovery requests within 10 days, ordered the husband to pay $350 for the wife’s attorney’s fees for his failure to comply with the outstanding discovery requests, and warned the husband that failure to comply could result in the entry of a default judgment and the imposition of additional attorney fees. The trial court also entered an order setting the case for a final hearing on May 28, 2015, and ordered the parties to attend mediation.
On March 12, 2015, the wife filed a motion for contempt in which she asserted that the husband had failed to respond to the discovery requests as compelled by the trial court’s February 23, 2015, order, had failed to pay alimony, and had failed to otherwise comply with any requirements set out by the trial court in the divorce proceedings. On March 19, 2015, the trial court entered an order requiring the husband to fully comply with the court’s previous orders within seven days and allowing the wife to apply for the entry of a default judgment upon the husband’s failure to comply. On March 30, 2015, the wife filed a motion for the entry of a default judgment. On April 3, 2015, the trial court granted the wife’s motion, finding the husband in default but setting a hearing to be held on May 14, 2015, on the issues of the division of property and debt, alimony, and contempt of court. On May 11, 2015, the wife’s attorney filed a request to delay the hearing or, in the alternative, to allow the wife to submit an affidavit containing her testimony because she had a conflict on that date. On May 14, 2015, the trial court granted the wife’s motion by indefinitely postponing the hearing and allowing the wife to submit testimony by affidavit, On May 14, 2015, the wife filed a motion to allow her to submit an affidavit containing her testimony in lieu of a hearing and attached to it her affidavit. On May 17, 2015, the trial court ordered the wife to submit an amended motion for the entry of a default judgment, supported by her affidavit, and a proposed order.
On May 20, 2015, the wife filed an amended motion for the entry of a default judgment, her affidavit, a proposed qualified domestic relations order (“QDRO”), and a proposed final judgment. On May 30, 2015, the trial court entered a final divorce judgment. In its judgment, the trial court granted the divorce on the grounds of adultery and physical abuse; ordered the husband to pay, among other things, $3,000 per month in periodic alimony, $10,500 for an alimony arrearage, $10,718 toward the wife’s automobile loan, $6,440.27 for outstanding debts and liabilities, and $5,600 toward the wife’s attorney’s fees; and awarded the wife 50% of the husband’s retirement account.
On July 2, 2015, new counsel filed a notice of appearance on behalf of the husband. That same day, the husband filed a motion, pursuant to Rule 59, Ala. R. Civ. *923 P., seeking to set aside, alter, amend, or vacate the final judgment and a new trial. In his motion, the husband asserted that he had been unaware that his previous counsel had withdrawn or that he had missed any hearings, and he specifically asked the trial court to set aside the default divorce judgment. On July 14, 2015, the wife filed a response to the husband’s postjudgment motion in which she asserted that the motion had not been filed within 30 days of the entry of the judgment and was therefore due to be denied. On July 22, 2015, the husband filed a reply to wife’s response to his postjudgment motion in which he asserted that a June 10, 2015, notation by the trial-court clerk on the ease-action summary reflects the entry of the final judgment and that his motion was filed within 30 days of the date of that notation on the case-action summary.
On August 31, 2015, after a hearing, the trial court entered an order purporting to deny the husband’s postjudgment motion. The record contains no testimony from the hearing. On August 31, 2015, the wife filed a motion seeking the entry of her previously submitted proposed QDRO. On September 4, 2015, the trial court entered a QDRO. On September 24, 2015, the wife filed a motion to amend the QDRO to reflect the proper account from which she sought to have the husband’s income withheld, and on September 28, 2015, the trial court entered the amended QDRO.
On September 28, 2015, another new counsel filed a notice of appearance on behalf of the husband. That same day, the husband filed a motion to vacate the QDRO entered on September 4, 2015. In that motion, the husband asserted that the division of retirement benefits contained in the divorce judgment was precluded by statute. On September 28, 2015, the husband filed his notice of appeal from the trial court’s May 30, 2015, divorce judgment.
On September 30, 2015, the husband filed in the trial court a “verified motion for relief from judgment.” In that motion, the husband alleged, among other things, that the divorce judgment was void for lack of subject-matter jurisdiction because, he asserted, the wife had not been a resident of Alabama for six months preceding the filing of her complaint. See § 30-2-5, Ala.Code 1975. The trial court set the husband’s motion to vacate the QDRO and his verified motion for relief from the judgment for a hearing on October 29, 2015.
On October 29, 2015, the trial court entered an “order on [the husband’s] motion to alter, vaeat[e] or amend” in which it found that it was without jurisdiction to enter any orders because this court had taken jurisdiction of the case on appeal.
On appeal, the husband challenges the divorce judgment entered on May 30, 2015. The husband first asserts that the judgment is void for lack of subject-matter jurisdiction. The husband asserts that the wife had not been a resident of Alabama for at least six months at the time she filed the complaint for a divorce. The husband also argues that the trial court’s award to the wife of half of the husband’s retirement account is precluded by statute, and, thus, is .void because the parties- had not been married for at least 10 years. See § 30-2-51(b), Ala.Code 1975. Finally, the husband challenges the trial court’s property division and award of alimony and its award of attorney’s fees to the wife. The husband does not challenge the trial court’s order declining to rule on his verified motion for relief from the judgment filed after he had filed his notice of appeal. The husband states in his appellate brief that, “even though the trial court did not consider the Husband’s Rule 60 Verified Motion for Relief from Judgment, such is of no consequence as ‘challenges to sub *924 ject-matter jurisdiction may be raised for the first time on appeal...
Although we agree that subject-matter jurisdiction may be challenged for the first time on appeal, see, e.g., Ex parte Smith, 438 So.2d 766, 768 (Ala.1988), we must first determine whether this court has jurisdiction to consider the husband’s appeal. The wife asserts that this court lacks jurisdiction because, she asserts, the husband did not timely file his notice of appeal.
The trial court electronically rendered the divorce judgment and transmitted it to the court’s electronic-filing system on May 30, 2015. “An order or a judgment rendered electronically by the judge under subdivision (a)(5) of this rule shall be deemed ‘entered’ ... as of the date the order or judgment is electronically transmitted by the judge to the electronic-filing system.” Rule 58(c), Ala. R. Civ. P. The case-action summary sheet contains a notation by the trial-court clerk, dated June 10, 2015, listing the entry of the final judgment; however, the judgment electronically rendered by the trial court on May 30, 2015, shows that it was transmitted to the electronic-filing system that same date. The husband was required to file his Rule 59 postjudgment motion within 30 days of when the judgment was entered on May 30, 2015. See Rule 59(b), Ala. R. Civ. P. Pursuant to Rules 59(b) and Rule 6, Ala. R. Civ. P., the time to file such a motion began to run on May 31, 2015, and ended on Monday, June 29, 2015. On July 2, 2015, which was 33 days after the entry of the judgment, the husband filed a motion that he specifically described as being filed pursuant to Rule 59, Ala. R. Civ. P. The husband never contended in the trial court that his July 2, 2015, motion should have been construed as being filed pursuant to Rule 60, Ala. R. Civ. P., and he does not make that contention in his brief to this court. In her brief to this court, the wife specifically argues that the husband’s appeal should be dismissed because his July 2, 2015, motion was an untimely filed Rule 59 motion that did not toll the time for taking an appeal from the May 30, 2015, judgment. The husband did not file a reply brief and, thus, has not refuted that assertion.
Although, generally, appellate courts “look[ ] to the essence of a motion, rather than its title, to determine how that motion is to be considered under” the Alabama Rules of Civil Procedure, Ex parte Alfa Mut. Gen. Ins. Co., 684 So.2d 1281, 1282 (Ala.1996), appellate courts should not construe a motion in a manner that helps a party’s position or changes the outcome of a case when the party has not argued for that construction in either the trial court or the appellate court. “Rule 28(a)(10), Ala. R.App. P., requires an appellant to present arguments in its brief supported by adequate legal authority. Spradlin v. Spradlin, 601 So.2d 76, 79 (Ala.1992). It is not the duty of the appellate court to make arguments for the parties, nor is it the appellate court’s duty to conduct the parties’ legal research.” Woods v. Federated Mut. Ins. Co., 31 So.3d 701, 706 (Ala.Civ.App.2009).
Because the husband failed to timely file his postjudgment motion, the 42-day window in which to file his notice of appeal was not tolled pursuant to Rule 4(a)(3), Ala. R.App. P. Marsh v. Marsh, 852 So.2d 161, 163 (Ala.Civ.App.2002)(“Although a timely postjudgment motion will toll the 42-day time period for filing a notice of appeal, an untimely filed postjudgment motion will not do so.”). The husband was therefore required to file his notice of appeal by July 13, 2015.[1] The husband did *925 not file his notice of appeal until September 28, 2015. The “[t]imely filing of a notice of appeal is necessary to invoke the jurisdiction of the appellate court and cannot be waived.” Asam v. City of Tuscaloosa, 585 So.2d 60, 60 (Ala.Civ.App.1991)(citing Rule 2(a)(1), Ala. R.App. P.). Therefore, this appeal is dismissed. Rule 2(a)(1), Ala. R.App. P. (“An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court”).
APPEAL DISMISSED.
PITTMAN, J., concurs.
THOMPSON, P.J., concurs in the result, without writing.
THOMAS, J., dissents, with writing, which MOORE, J., joins.

. The 42d day following the entry of the divorce judgment on May 30, 2015, was July 11, 2015, a Saturday. Therefore, pursuant to Rule 26(a), Ala. R.App. P., the husband had until Monday, July 13, 2015, to timely file his notice of appeal.