This appeal challenges the taxing of costs in a will contest.
E. L. Burton executed his will on September 23, 1993. He died on September 3, 1995. On December 14, 1995, his widow, Beatrice E. Burton, filed a petition for probate of the will. On May 28, 1996, Mr. Burton's daughter, Paulette Burton, an incompetent adult, acting by and through her guardian ad litem, filed a motion contesting the admission of the will for probate.
On November 22, 1996, the Mobile County Probate Court entered a judgment that, among other things, admitted the decedent's will for probate and taxed the costs of the proceeding against the estate. On January 2, 1997, Mrs. Beatrice Burton filed a post-judgment motion requesting the probate court to retax the costs of the proceedings; she appeals from the denial of that motion.
 "This court said in Matter of Morrison, 388 So.2d 1014 (Ala.Civ.App. 1980), which *Page 1258 
was an appeal from a probate court order in an adoption proceeding, that if neither the adoption statutes nor the probate court statutes provide for a particular procedure, then the litigant looks to the procedures set out for the circuit courts. We said that the practice and procedure for disposing of a motion for new trial in the circuit courts is set out in rules 59 and 59.1, [Ala].R.Civ.P. Likewise, the practice of disposing of motions for new trial in the probate courts would be governed by rules 59 and 59.1, [Ala].R.Civ.P."
Ex parte Hicks, 451 So.2d 324, 326 (Ala.Civ.App. 1984); seealso Ala. Code 1975, § 12-13-12; Rules 1(a) and 81(a)(5), Ala.R.Civ.P.
Because this court has not been directed to any statute providing otherwise in this case, we conclude that Rule 59, Ala.R.Civ.P., governs the timeliness of a post-judgment motion in a will contest in the probate court. Pursuant to Rule 59, a motion to alter, amend, or vacate a judgment must be filed not later than 30 days after the entry of the judgment. Mrs. Burton's post-judgment motion to retax the costs was filed on January 2, 1997, 41 days after the entry of the judgment.
An untimely post-judgment motion will not toll the running of the 42-day period for filing an appeal. Greer v. Greer,516 So.2d 719, 720 (Ala.Civ.App. 1987). Mrs. Burton's notice of appeal was filed on March 24, 1997, 122 days after the entry of the judgment. "An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." Rule 2(a)(1), Ala. R.App. P. This court is without jurisdiction and is required to dismiss the appeal ex mero motu. Greer, 516 So.2d at 720; Allen v. Holmes,439 So.2d 166 (Ala.Civ.App. 1983).
The appellee's request for a guardian ad litem's fee on appeal is granted in the amount of $500.
APPEAL DISMISSED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.