Drusilla Boykin appeals from a judgment entered by the Tuscaloosa County Circuit Court on her claims against International Paper Company ("IPC"). We dismiss the appeal as untimely filed.[1]
Boykin filed her complaint in the trial court in May 1998, stating a claim for workers'-compensation benefits and a claim arising from IPC's alleged commission of the tort of outrageous conduct (i.e., intentional infliction of emotional distress). The case was assigned to Judge Thomas S. Wilson. The court entered a summary judgment in favor of IPC on the outrageous-conduct claim in September 1999. The trial court conducted an ore tenus proceeding on the workers'-compensation claim on December 2, 1999, during which proceeding IPC filed a "motion for involuntary dismissal"[2] on the basis of the statute of limitations. That motion was taken under submission by the trial court.
On December 13, 1999, the trial court rendered an order granting IPC's motion, concluding that Boykin's workers'-compensation claim was barred by the statute of limitations. That order constituted an adjudication of the final pending claim in the case, and was thus a final judgment subject to appeal. See Oliver v. Townsend, 534 So.2d 1038, 1046 (Ala. 1988). On the same day that judgment was rendered, the trial judge made the following notation on the case action summary sheet:
"12/13/99 Final Judgment in file. [/s/] TSW"
 The trial court's judgment bears a clerk's filing stamp dated December 17, 1999.
On January 18, 2000, Boykin filed a motion in the trial court seeking review of the judgment pursuant to Rules 52(a) and 59(e), Ala.R.Civ.P. An order purporting to deny that motion was entered on January 24, 2000. Boykin filed a notice of appeal to this court on February 29, 2000, listing the "Date of Judgment" as December 17, 1999, rather than December 13, 1999.
Subject to certain exceptions not here applicable, Rule 4(a)(1), Ala.R. App.P., requires that in all cases in which an appeal is permitted, the notice of appeal shall be filed within 42 days of the entry of the judgment or order appealed from. Of course, Rule 4(a)(3), Ala.R.App.P., provides that a postjudgment motion pursuant to Rules 52 and 59, Ala.R.Civ.P., will suspend the time for filing a notice of appeal until (1) the date such a motion is granted or denied, or (2) the date the motion is deemed denied by operation of law, pursuant to Rule 59.1, Ala.R.Civ.P. However, "[a]n untimely post-judgment motion will not toll the running of the 42-day period for filing an appeal." Burton v. Burton, 710 So.2d 1257, 1258 (Ala.Civ.App. 1997) (citing Greer v. Greer,516 So.2d 719, 720 (Ala.Civ.App. 1987)).
On March 9, 2000, before the record was certified as complete, IPC filed a motion to dismiss the appeal, arguing that Boykin's motion had not been timely filed so as to toll the time for taking an appeal, based upon a judgment-entry date of December *Page 151 
17, 1999. This court denied the motion to dismiss because a postjudgment motion filed on January 18, 2000, would have been timely with respect to a judgment entered on December 17, 1999, because of the intervention of a Sunday and a public holiday, i.e., the third Monday in January. See Rule 6(a), Ala.R.Civ.P. (computation of periods of time prescribed under the Alabama Rules of Civil Procedure), and § 1-3-8, Ala. Code 1975 (deeming the third Monday in January as a holiday commemorating the observance of the birthdays of Robert E. Lee and Martin Luther King, Jr.).
Our review of the record, however, compels us to conclude that Boykin's January 18, 2000, motion was indeed untimely filed and did not constitute a postjudgment motion that could have tolled the time for taking an appeal. As we have noted, on December 13, 1999, a final judgment was rendered and the trial court noted on the case action summary sheet that a final judgment was in the case file. Under Rule 58(c), Ala.R.Civ.P., "[n]otation of a judgment or order on separately maintained bench notes or on the civil docket or the filing of a separate judgment or order constitutes the entry of the judgment or order" (emphasis added). When the judgment was placed in the case file and was noted by the trial judge's initialed statement, it was then automatically "filed," under Rule 58(c), Ala.R.Civ.P., as of that date, irrespective of its later being stamped "filed" by the clerk of the trial court. Crawford v. Ray Pearman Lincoln Mercury, 420 So.2d 269,271 (Ala.Civ.App. 1982); accord, Cochran v. Wood, 504 So.2d 297, 298
(Ala.Civ.App. 1986); Dudley v. State Dep't of Human Resources,555 So.2d 1121, 1121-22 (Ala.Civ.App. 1989).
Therefore, because a final judgment in this case was entered on December 13, 1999, the last day that Boykin could have filed a postjudgment motion would have been January 12, 2000. Boykin's January 18, 2000, motion was untimely and did not toll the time for taking an appeal. Burton, supra. Because Boykin did not file a postjudgment motion so as to toll the time for taking an appeal, the final day for her to file a timely notice of appeal was January 24, 2000, 42 days after December 13, 1999. Thus, her February 29, 2000, notice of appeal was also untimely.
Rule 2(a)(1), Ala.R.App.P., provides that "[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." Because Boykin's notice of appeal was not timely filed to invoke this court's jurisdiction, we dismiss her appeal.
APPEAL DISMISSED.
Yates, Monroe, Crawley, and Thompson, JJ., concur.
[1] "[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App. 1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987)).
[2] IPC's motion was, in effect, a motion for a judgment on partial findings under Rule 52(c), Ala.R.Civ.P. See Loggins v. Robinson,738 So.2d 1268 (Ala.Civ.App. 1999) (noting that Rule 52(c) supplanted the involuntary-dismissal procedure in nonjury trials).