Phillip M. Marsh ("the father") appeals from a judgment of the Russell Circuit Court modifying certain provisions of the judgment divorcing him from his former spouse, Pamela G. Marsh ("the mother"). The mother cross-appeals.
The mother and the father were divorced in 1995. Pursuant to the parties' agreement, which was incorporated into the final divorce judgment, the parties were awarded joint physical and legal custody of the parties' two minor children, born in 1988 and 1990, respectively; all of the children's expenses were to be divided equally between the parties, and thus, neither party was directed to pay child support.
On June 28, 2000, the mother filed a petition for rule nisi and for a modification, alleging that the father had contemptuously refused to abide by the court's 1995 judgment by failing to pay one-half of the children's private-school tuition and one-half of the children's clothing expenses. In addition to reimbursement for these expenses, the mother sought an attorney fee and one-half of the children's medical and dental bills.
The mother also averred in her petition that a material change in circumstances had occurred since the entry of the divorce judgment. Specifically, she contended that the children were older and that they had become involved in extracurricular activities and wished to be able to spend some weekend time with their mother.[1] In addition, the mother requested sole custody of the children, with liberal visitation privileges to be granted to the father. Finally, the mother asked that the father be required to pay child support in compliance with the guidelines set forth in Rule 32, Ala. R. Jud. Admin., and she asked permission to claim both minor children as dependents for income-tax purposes. The father filed a response. The father then filed a counterclaim seeking sole custody of the minor children and requesting that the mother be ordered to pay child support in compliance with the Rule 32 guidelines.
An ore tenus hearing was conducted and, on April 26, 2001, the trial court entered a final judgment. It its judgment, the trial court directed the father to reimburse the mother for one-half of the amount she had paid to an orthodontist for treatment of the minor daughter and to pay his one-half of the minor children's private-school tuition for the 2001-2002 school year; the trial court further ordered the father to pay child support in *Page 163 
the amount of $710 per month, retroactive to November 1, 2000.[2] In addition, the trial court awarded the father additional visitation time on Wednesday evenings from 5:30 p.m. until 8:30 p.m., and awarded the mother the first full weekend in each month to spend with the children.
On May 23, 2001, the mother filed a timely postjudgment motion pursuant to Rule 59, Ala.R.Civ.P., seeking to alter, amend, or vacate the judgment or, in the alternative, a new trial; she stated as grounds that the trial court had failed to rule on her petition seeking a custody modification. The trial court denied the mother's Rule 59 motion on May 29, 2001, stating that "[a]ny portion of the [1995 divorce judgment] not addressed by the order [entered April 26, 2001] shall remain in effect."
Also on May 29, 2001, 33 days after the final judgment was entered, the father filed a postjudgment motion expressly challenging the provisions of the trial court's April 26, 2001, judgment that modified his visitation schedule and the provision requiring him to pay one-half of the children's private-school tuition for the 2001-2002 school year. The trial court purported to deny the father's postjudgment motion on June 5, 2001. On July 11, 2001, 43 days after the denial of the mother's postjudgment motion, the father appealed; on July 12, 2001, the mother cross-appealed.
Neither party has raised an issue relating to the timeliness of the appeals; however, this court has held that "[j]urisdictional issues are of such magnitude that we take notice of them at any time and do so even exmero motu." Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211
(Ala.Civ.App. 1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987)). The timely filing of a notice of appeal is a jurisdictional act.Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App. 1985).
Rule 59(b), Ala.R.Civ.P., requires that postjudgment motions be filed within 30 days of the entry of the final judgment. The mother filed a timely postjudgment motion on May 23, 2001, which the trial court expressly denied by notation thereon on May 29, 2001. On May 29, 2001, the father filed an untimely postjudgment motion, expressly stating therein that the motion was filed as to the April 26, 2001, judgment.[3]
Although a timely postjudgment motion will toll the 42-day time period for filing a notice of appeal, an untimely filed postjudgment motion will not do so. Boykin v. International Paper Co., 777 So.2d 149
(Ala.Civ.App. 2000).
 "Subject to certain exceptions not here applicable, Rule 4(a)(1), Ala.R.App.P., requires that in all cases in which an appeal is permitted, the notice of appeal shall be filed within 42 days of the entry of the judgment or order appealed from. Of course, Rule 4(a)(3), Ala.R.App.P., provides that a postjudgment motion pursuant to Rules 52 and 59, Ala.R.Civ.P., will suspend the time for filing a notice of appeal until (1) the date such a motion is granted or denied, or (2) the date the motion is deemed denied by *Page 164 
operation of law, pursuant to Rule 59.1, Ala.R.Civ.P."
Boykin, 777 So.2d at 150.
The mother's timely postjudgment motion was expressly denied by the trial court on May 29, 2001; therefore, the father had 42 days from that date to file his notice of appeal. The final date on which the father could have filed an effective notice of appeal was July 10, 2001; the father filed his notice of appeal one day late.
Rule 2(a)(1), Ala.R.App.P., provides that "[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." We have concluded that the father's appeal is untimely; therefore, we dismiss the appeal.
As for the mother's cross-appeal, she filed her cross-appeal more than 42 days after the denial of her postjudgment motion, apparently relying upon Rule 4(a)(2), Ala.R.App.P., to bring a timely cross-appeal to invoke the jurisdiction of the appellate court. Rule 4(a)(2) allows a party to an appeal to file a cross-appeal within 14 days of a timely filed notice of appeal. However, because the father's notice of appeal is untimely and the mother's cross-appeal, standing alone, is also untimely, the cross-appeal must also be dismissed. See HealthSouth Corp. v. BrookwoodHealth Services, Inc., 814 So.2d 267 (Ala.Civ.App. 2000).
APPEALS DISMISSED.
Yates, P.J., and Crawley, Thompson, and Pittman JJ., concur.
[1] The original divorce judgment provided that the children spend each weekend with their father.
[2] This was the first day of the month that followed the conclusion of the hearing in this matter.
[3] The trial court purported to deny the father's postjudgment motion on June 5, 2001. In the absence of a timely filed postjudgment motion or an ambiguity in the judgment, however, "a trial court generally loses jurisdiction to amend its judgment 30 days after the entry of judgment."See Henderson v. Koveleski, 717 So.2d 803, 806 (Ala.Civ.App. 1998) (citing Ex parte Owen, 420 So.2d 80, 81 (Ala. 1982)).