The defendants, Charles Holmes and Agnes L. Holmes, appeal a summary judgment in favor of the plaintiff, CitiFinancial Corporation, L.L.C. We dismiss the appeal because the Holmeses did not timely file their notice of appeal.
Although neither party has raised the issue of the timeliness of this appeal, "`[j]urisdictional issues are of such magnitude that we take notice of them at any time and do so even exmero motu.' Wallace v. Tee Jays Mfg. Co., 689 So.2d 210,211 (Ala.Civ.App. 1997) (quoting Nunn v. Baker,518 So.2d 711, 712 (Ala. 1987)). The timely filing of a notice of appeal is a jurisdictional act. Rudd v. Rudd,467 So.2d 964, 965 (Ala.Civ.App. 1985)." Marsh v. Marsh,852 So.2d 161, 163 (Ala.Civ.App. 2002). "`Subject to certain exceptions not here applicable, Rule 4(a)(1), Ala. R.App. P., requires that in all cases in which an appeal is permitted, the notice of appeal shall be filed within 42 days of the entry of the judgment or order appealed from.'" Id. (quotingBoykin v. International Paper Co., 777 So.2d 149, 150
(Ala.Civ.App. 2000)) (emphasis omitted). Rule 4(a)(3), Ala. R.App. P., provides that the filing of a postjudgment motion pursuant to Rules 50, 52, 55, or 59, Ala. R. Civ. P., shall suspend the time for filing a notice of appeal until the entry of an order granting or denying the postjudgment motion or until the postjudgment motion is deemed denied under Rule 59.1, Ala. R. Civ. P.
In the case now before us, the trial court entered the summary judgment in favor of CitiFinancial on December 18, 2006. On December 28, the Holmeses, pursuant to Rule 59(e), Ala. R. Civ. P., *Page 98 
filed a postjudgment motion to alter, amend, or vacate the judgment. However, on January 8, 2007, the Holmeses filed a pleading stating that they were withdrawing their Rule 59(e) motion, and on January 9, the trial court entered an order stating that "[w]ithdrawal of motion to alter, amend, or vacate filed by [the Holmeses] is hereby granted" and a second order stating that "[m]otion to amend filed by [the Holmeses] is hereby MOOT." The Holmeses did not file their notice of appeal until Thursday, February 22, 2007.
The period for the Holmeses to file then-notice of appeal commenced running, at the latest, on January 10, 2007, the day after the trial court entered its orders regarding the Holmeses' Rule 59(e) motion. That commencement date would result in the 42d day following the entry of those orders falling on Tuesday, February 20, 2007, which was Mardi Gras Day, a legal holiday in Baldwin County. See Rule 26(a), Ala. R.App. P., and § 1-3-8(c), Ala. Code 1975. Because the 42d day fell on a legal holiday, the Holmeses had until the end of the next business day, which was Wednesday, February 21, 2007, to file their notice of appeal. See
Rule 26(a), Ala. R.App. P. However, they did not file their notice of appeal until Thursday, February 22, 2007. Therefore, we must dismiss the appeal. See Rule 2(a)(1), Ala. R.App. P. ("An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.").
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.