THOMAS, Judge.
 

 Christopher Klinger, Sean Ros, and A1 Ros formed, and are the sole shareholders and board of directors of, Automated Check Recovery, Inc. (“ACR”). Sean Ros became ACR’s president, and he oversaw the day-to-day operations of ACR. ACR did not prove profitable, and the Roses desired to sell its main asset — its customer list — and proposed a method of disbursing the proceeds from that sale. Klinger, however, disagreed with the sale and the proposed distribution of the proceeds of the sale. On December 15, 2006, at a corporate meeting that Klinger did not attend, the Roses approved the sale of the customer list to another company and the distribution of the proceeds from the sale.
 

 In January 2007, Klinger filed an action under the Declaratory Judgments Act, Ala.Code 1975, § 6-6-220 et seq., against the Roses, seeking a declaration that ACR was a partnership by implication or, in the alternative, that the trial court determine the rights and liabilities of the parties in and to the assets of ACR; in his complaint, Klinger alleged that Sean Ros had failed in his fiduciary duty to ACR. The Roses answered the complaint and also filed a counterclaim seeking damages pursuant to the Alabama Litigation Accountability Act (“ALAA”), codified at Ala.Code 1975, § 12-19-270 et seq. The Roses moved for a summary judgment on December 12, 2007, and Klinger responded on January 25, 2008. On January 30, 2008, the trial court entered a partial summary
 
 *1260
 
 judgment in favor of the Roses only as to Klinger’s request that the trial court declare ACR a partnership.
 

 After further discovery, the Roses, on April 10, 2008, again moved for a summary judgment on Klinger’s second claim, which sought a declaration of the rights and liabilities of the parties to ACR’s assets and alleged a breach of fiduciary duty by Sean Ros. Klinger responded on April 18, 2008. The trial court entered the following judgment on May 27, 2008: “MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56 ... is hereby GRANTED.” (Capitalization in original.)
 

 The following day, May 28, 2008, the Roses filed a motion for a hearing on their ALAA claim. That motion was not a post-judgment motion directed toward the May 27, 2008, judgment, because it did not request that the trial court amend, alter, or vacate its summary-judgment order; it also did not include a request that the trial court reserve jurisdiction to consider the Roses’ ALAA claim. The trial court granted the Roses’ motion, and it set a hearing for July 29, 2008, on the ALAA claim. After an agreed-upon continuance of the July 29, 2008, hearing, the trial court took testimony and heard arguments on the ALAA claim on September 4, 2008.
 

 The trial court entered a judgment against Klinger on the Roses’ ALAA claim on October 10, 2008; however, the judgment failed to specify an amount of the award or otherwise comply with the ALAA.
 
 [1]
 
 The Roses filed a postjudgment motion, requesting that the trial court specify the amount of the award under the ALAA, which the trial court granted; on November 18, 2008, the trial court entered a judgment awarding the Roses $21,665.18 pursuant to the ALAA. Klinger filed his notice of appeal on December 22, 2008.
 

 Although neither party has raised the issue of this court’s jurisdiction over this appeal, we will first consider whether we have jurisdiction over this appeal because, as has often been stated, “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even
 
 ex mero viotu.” Nunn v. Baker,
 
 518 So.2d 711, 712 (Ala. 1987). Our supreme court has held that, when a trial court enters an otherwise final judgment on the merits of a case but fails to address a pending ALAA claim or to reserve jurisdiction to later consider that claim, the ALAA claim is implicitly denied by the judgment on the merits.
 
 Gonzalez, LLC v. DiVincenti,
 
 844 So.2d 1196, 1202 (Ala.2002). As we explained in
 
 Casey v. McConnell,
 
 975 So.2d 384, 388-89 (Ala.Civ.App.2007):
 

 “The ALAA provides that the court must award attorney fees and costs as a part of its judgment on the merits of the case; it does not create a new or separate cause of action that can be brought after a case is litigated and given a final adjudication on the merits. Ala.Code 1975, § 12-19-270;
 
 Gonzalez, LLC v. DiVincenti,
 
 844 So.2d 1196, 1201 (Ala. 2002). The language of the ALAA allows the trial court to consider the outcome of proceedings when making its determination as to whether a party’s action was without substantial justification. Ala.Code 1975, § 12-19-273(7);
 
 Gonzalez,
 
 844 So.2d at 1201; and
 
 Meek v. Diversified Prods. Corp.,
 
 575 So.2d 1100, 1103 (Ala.1991). Thus, the trial court can hold a separate hearing on an
 
 *1261
 
 ALAA claim after the entry of a final judgment on the merits provided that the trial court specifically reserves jurisdiction to hear the ALAA claim.
 
 Gonzalez,
 
 844 So.2d at 1201. Otherwise, a judgment that does not reserve jurisdiction to hear the ALAA claim at a later date puts an end to all controversies at issue, including the ALAA claim.
 
 Gonzalez,
 
 844 So.2d at 1201-02;
 
 see also Baker v. Williams Bros., Inc.,
 
 601 So.2d 110, 112 (Ala.Civ.App.1992).”
 

 To prevent the implied denial of an ALAA claim, a party may timely file a post-judgment motion directed to the judgment on the merits seeking the reservation of jurisdiction to hear the ALAA claim; if that motion is granted and the trial court reserves jurisdiction over the ALAA claim pursuant to the amended judgment, the claim survives.
 
 Casey,
 
 975 So.2d at 389.
 

 The trial court’s May 27, 2008, summary judgment in favor of the Roses does not specifically reserve jurisdiction to rule on the Roses’ ALAA claim. The Roses’ May 28, 2008, motion did not seek an amendment to, an alteration of, or a vacation of the May 27, 2008, judgment; however, even if it could be implied that the motion had sought a reservation of jurisdiction over the ALAA claim, the trial court did not set aside its May 27, 2008, judgment or enter an amended judgment reserving jurisdiction over the ALAA claim within 90 days of the filing of that motion and, thus, the motion would have been deemed denied by operation of law.
 
 See
 
 Rule 59.1, Ala. R. Civ. P.;
 
 Liberty Mut. Ins. Co. v. Greenway Enters., Inc.,
 
 23 So.3d 52, 56 (Ala.Civ.App.2009) (stating that “even if ... a request [to amend the summary-judgment order to reserve jurisdiction to address and ALAA claim] could be implied, that request was denied by operation of law by the trial court’s failure to rule on the motion within 90 days from its filing”). Thus, the trial court’s November 18, 2008, judgment awarding the Roses $21,665.18 pursuant to the ALAA is a void judgment,
 
 see Ex parte Citizens Bank,
 
 879 So.2d 535, 540 (Ala.2003) (declaring void a judgment awarding attorney fees based on an ALAA claim when the trial court had entered an earlier judgment on the merits without reserving jurisdiction over the ALAA claim), and a void judgment will not support an appeal.
 
 Malone v. Malone,
 
 854 So.2d 109, 113 (Ma.Civ.App.2003) (dismissing an appeal from a judgment purporting to award attorney fees pursuant to the ALAA that was entered five months after the entry of a summary judgment because the trial court had failed to reserve jurisdiction to consider the ALAA claim in the summary-judgment order).
 

 Klinger’s arguments on appeal concern the May 27, 2008, summary judgment in favor of the Roses on his claims. However, because the summary judgment was a final judgment when it was entered on May 27, 2008, despite the fact that the trial court did not address the ALAA claim,
 
 see McGough v. G & A, Inc.,
 
 999 So.2d 898, 903 (Ala.Civ.App.2007), Klinger’s December 22, 2008, notice of appeal, filed more than six months after the entry of the May 27, 2008, summary judgment, is untimely.
 
 See
 
 Rule 4(a)(1), Aa. RApp. P. (prescribing a 42-day period for taking an appeal). We dismiss Klinger’s appeal on that ground as well.
 
 See Holmes v. Powell,
 
 363 So.2d 760, 762 (Ala.1978) (“A timely filing of the notice of appeal is jurisdictional, ... the sanction to be applied for an untimely filing being dismissal.”).
 

 The Roses’ request for an attorney fee on appeal is denied.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . The ALAA requires that an order awarding attorney fees under the ALAA contain specific findings that the underlying action was brought without substantial justification, and the order must enumerate the grounds and evidentiary support for such a finding.
 
 See Pacific Enters. Oil Co. (USA) v. Howell Petroleum Corp., 614
 
 So.2d 409, 418 (Ala.1993).