PITTMAN, Judge.
Gloria Savage (“Gloria”) appeals from a judgment in favor of Dr. Timothy Marlow, MAG Mutual Insurance Company (“MAG Mutual”), and Jack Hinton, Jr. We dismiss the appeal.
In March 2012, Gloria, Courtney Savage (“Courtney”), and Loretta Savage (“Loretta”) sued Marlow, MAG Mutual, and Hinton, alleging that, in 2009, Loretta had sued Marlow, stating a claim of medical malpractice; that, during Mar-low’s deposition in Loretta’s action, Mar-low had disclosed confidential medical information regarding Gloria; that, during his closing argument in Loretta’s action, Hinton, an attorney representing Marlow in that action, had disclosed confidential medical information regarding Gloria; and that Hinton was an agent of MAG Mutual, Marlow’s medical-malpractice insurer. Based on those allegations, Gloria, Courtney, and Loretta (collectively “the plaintiffs”) stated various tort claims against Marlow, MAG Mutual, and Hinton (collectively “the defendants”).
The defendants filed a motion seeking, among other things, the dismissal of the plaintiffs’ claims and an assessment of attorney fees and costs against the plaintiffs and their attorney pursuant to the Alabama Litigation Accountability Act (“the ALAA”), § 12-19-270 et seq., Ala.Code 1975. The plaintiffs responded to the motion, and, subsequently, the trial court held a hearing regarding the motion. Thereafter, on May 21, 2012, the trial court entered a judgment (“the May 21, 2012, judgment”) (1) determining that the plaintiffs had failed to state a claim upon which relief could be granted and dismissing all the plaintiffs’ claims; (2) determining, based on an analysis of the 12 factors listed in § 12-19-273, a part of the ALAA, that the plaintiffs and their attorney had brought the action without substantial justification and that the attorney fees and costs incurred by the defendants in defending the action should be assessed against the plaintiffs and their attorney pursuant to the ALAA; and (3) granting the defendants a period of 10 days from the entry of the May 21, 2012, judgment to submit documentation establishing the amount of the attorney fees and costs they had incurred in defending the action so that the trial court could assess a specific *74 amount of attorney fees and costs pursuant to the ALAA.
On June 8, 2012, the plaintiffs filed a motion (“the June 8, 2012, motion”) titled “Motion to Reconsider Judgment Entered by the Court on the 21st Day of May 2012 or[,] in the Alternative, [to] Grant Relief from [that] Judgment Under Rule 60(b)(6) of the [Alabama Rules of Civil Procedure].” That same day, the plaintiffs filed a pleading titled “Amendment to Complaint,” which stated that Courtney and Loretta were “no longer [plaintiffs or parties to this matter.” After the defendants had submitted documentation establishing the amount of the attorney fees and costs they had incurred in defending the action, the trial court, on June 12, 2012, entered a judgment (“the June 12, 2012, judgment”) assessing attorney fees and costs totaling $8,826 against the plaintiffs and their attorney pursuant to the ALAA.
On July 22, 2012, the 62d day after the entry of the May 21, 2012, judgment and the 40th day after the entry of the June 12, 2012, judgment, Gloria filed a motion (“the July 22, 2012, motion”) titled “Second Request for Hearing” in which she asserted that the June 8, 2012, motion was a Rule 59, Ala. R. Civ. P., motion; that the June 8, 2012, motion had requested a hearing; and that the trial court was required to hold such a hearing.[1]
On September 17, 2012, the trial court held a hearing regarding the June 8, 2012, motion and the July 22, 2012, motion; however, the trial court did not enter a written order ruling on those motions. On October 22, 2012, Gloria filed a notice of appeal.[2] Thereafter, the supreme court transferred Gloria’s appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Jurisdictional issues are of such importance that an appellate court will take notice of them at any time and will do so even ex mero motu. See, e.g., Marsh v. Marsh, 852 So.2d 161, 163 (Ala.Civ.App.2002). Because “[t]he timely filing of a notice of appeal is a jurisdictional act,” Marsh, 852 So.2d at 163, we must first determine whether Gloria’s notice of appeal was timely filed.
If a trial court does not adjudicate a pending ALAA claim in an otherwise final judgment on the merits of an action or reserve jurisdiction in that judgment to consider the ALAA claim subsequent to the entry of that judgment, the ALAA claim is deemed to be implicitly denied by that judgment. See Klinger v. Ros, 33 So.3d 1258, 1260 (Ala.Civ.App.2009) (“Our supreme court has held that, when a trial court enters an otherwise final judgment on the merits of a case but fails to address a pending ALAA claim or to reserve jurisdiction to later consider that claim, the ALAA claim is implicitly denied .... ”). On the other hand, if the trial court reserves jurisdiction to consider the ALAA claim subsequent to the entry of the otherwise final judgment on the merits, the trial court has jurisdiction to adjudicate the ALAA claim subsequent to the entry of the otherwise final judgment on *75 the merits. Klinger, 33 So.3d at 1260-61 (“‘[T]he trial court can hold a separate hearing on an ALAA claim after the entry of the final judgment on the merits provided that the trial court specifically reserves jurisdiction to hear the ALAA claim.’” (quoting Casey v. McConnell, 975 So.2d 384, 389 (Ala.Civ.App.2007))). In the present case, although the May 21, 2012, judgment did not fully adjudicate the ALAA claim because it did not specify the amount of the attorney fees and costs assessed pursuant to the ALAA, it reserved jurisdiction to enter a judgment specifying the amount of the assessment after the entry of the May 21, 2012, judgment. Thus, the trial court retained jurisdiction to enter the June 12, 2012, judgment specifying the amount of that assessment. Id.
In the context of claims seeking attorney fees and costs pursuant to theories of recovery other than the ALAA, the appellate courts have held that “a decision on the merits disposing of all claims is a final decision from which an appeal must be timely taken, whether a request for attorney fees remains for adjudication,” State Bd. of Educ. v. Waldrop, 840 So.2d 893, 899 (Ala.2002), and that “attorney-fee matters are separate and distinct from matters going to the merits of a dispute and ... an appeal may be taken from a final judgment as to either aspect of a case,” Niezer v. SouthTrust Bank, 887 So.2d 919, 923 (Ala.Civ.App.2004). However, we have not found an Alabama case determining whether an otherwise final judgment on the merits in which the trial court has reserved jurisdiction to adjudicate an ALAA claim subsequent to the entry of the otherwise final judgment on the merits is a final, appealable judgment despite its failure to dispose of the ALAA claim or is an interlocutory judgment because it did not dispose of the ALAA claim. Thus, in the present case, it appears that established precedent does not resolve the issue whether the May 21, 2012, judgment was a final, appealable judgment or an interlocutory judgment. Consequently, it is unclear whether this appeal involves two final, appealable judgments — i.e., both the May 21, 2012, judgment and the June 12, 2012, judgment — or only one final, appeal-able judgment — i.e., the June 12, 2012, judgment. However, because Gloria’s notice of appeal was untimely filed regardless of whether both the May 21, 2012, judgment and the June 12, 2012, judgment were final, appealable judgments or only the June 12, 2012, judgment was a final, appealable judgment, we need not determine whether the May 21, 2012, judgment was a final, appealable judgment or an interlocutory judgment.
We will first explain why Gloria’s notice of appeal was untimely filed with respect to the May 21, 2012, judgment if that judgment was a final, appealable judgment. If the May 21, 2012, judgment was a final, appealable judgment, the June 8, 2012, motion was a timely filed Rule 59(e), Ala. R. Civ. P., motion. See, e.g., Evans v. Waddell, 689 So.2d 23, 26-27 (Ala.1997) (“While the Alabama Rules of Civil Procedure do not speak of a ‘motion to reconsider,’ [the appellate courts] ha[ve] repeatedly construed motions so styled, when they have been filed within 30 days after the entry of a final judgment, to be Rule 59(e) motions.”). A timely filed Rule 59(e) motion suspends the running of the 42-day period to file a notice of appeal until the motion is either ruled upon by the trial court or denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. See Rule 4(a)(2), Ala. R.App. P.; Marsh, 852 So.2d at 163-64; and Rule 59.1. Under Rule 59.1, a Rule 59 motion “not otherwise ruled upon is denied as a matter of law on the 90th day after the motion is filed, or, where applicable, on the last day of any extension of the 90-day period.” William *76 son v. Fourth Ave. Supermarket, Inc., 12 So.3d 1200, 1204 (Ala.2009). In the present case, the 90th day after the filing of the June 8, 2012, motion was September 6, 2012. The trial court did not rule on the June 8, 2012, motion on or before September 6, 2012, and the 90-day period for ruling on that motion was not extended. Therefore, if the May 21, 2012, judgment was a final judgment and, consequently, the June 8, 2012, motion was a Rule 59(e) motion, the June 8, 2012, motion was denied by operation of law on September 6, 2012.[3] See Rule 59.1; Williamson, supra; and Marsh, supra. Gloria would then have had 42 days to file her notice of appeal with respect to the May 21, 2012, judgment. See Rule 4(a)(1), Ala. R.App. P. The 42d day after September 6, 2012, was October 18, 2012. Gloria did not file her notice of appeal until October 22, 2012. Therefore, if the May 21, 2012, judgment was a final, appealable judgment, Gloria’s notice of appeal was untimely with respect to that judgment.
 We will now explain why Gloria’s notice of appeal was untimely filed with respect to the June 12, 2012, judgment if both the May 21, 2012, judgment and the June 12, 2012, judgment were final, ap-pealable judgments. Because the June 8, 2012, motion was filed before the entry of the June 12, 2012, judgment, the June 8, 2012, motion was not filed with respect to the June 12, 2012, judgment and, of course, did not refer to that judgment or seek relief from it pursuant to Rule 59(e). Therefore, the June 8, 2012, motion did not suspend the running of the 42-day period for Gloria to file her notice of appeal with respect to the June 12, 2012, judgment. Although the July 22, 2012, motion was filed after the entry of the June 12, 2012, judgment, that motion did not refer to the June 12, 2012, judgment or seek relief pursuant to Rule 59(e) with respect to that judgment. Therefore, the July 22, 2012, motion did not constitute a Rule 59(e) motion with respect to the June 12, 2012, judgment and, therefore, did not suspend the running of the 42-day period for Gloria to file a notice of appeal with respect to the June 12, 2012, judgment. Moreover, even if the July 22, 2012, motion had sought relief pursuant to Rule 59(e) with respect to the June 12, 2012, judgment, the July 22, 2012, motion was not filed within 30 days after the entry of the June 12, 2012, judgment. Rule 59(e) requires that “[a] motion to alter, amend, or vacate the judgment shall be filed not later than thirty (30) days after entry of the judgment.” Therefore, even if the July 22, 2012, motion had sought relief pursuant to Rule *77 59(e) with respect to the June 12, 2012, judgment, the July 22, 2012, motion was untimely and, consequently, did not suspend the running of the 42-day period for Gloria to file a notice of appeal with respect to the June 12, 2012, judgment. See Marsh, 852 So.2d at 163 (“Although a timely postjudgment motion will toll the 42-day time period for filing a notice of appeal, an untimely filed postjudgment motion will not do so.”). Thus, Gloria had 42 days from June 12, 2012, to file a notice of appeal with respect to the June 12, 2012, judgment. The 42d day after the entry of the June 12, 2012, judgment was July 24, 2012. Gloria did not file her notice of appeal until October 22, 2012. Therefore, Gloria’s notice of appeal was untimely filed with respect to the June 12, 2012, judgment if both the May 21, 2012, judgment and the June 12, 2012, judgment were final, appealable judgments.
If the May 21, 2012, judgment was an interlocutory judgment and the June 12, 2012, judgment was the only final, appeal-able judgment in this action, Gloria’s notice of appeal was untimely with respect to the June 12, 2012, judgment for the same reasons it was untimely with respect to that judgment if the May 21, 2012, judgment were a separate final, appealable judgment.[4] Accordingly, because Gloria’s notice of appeal was untimely filed, it failed to invoke the jurisdiction of this court. See Kennedy v. Merriman, 963 So.2d 86, 88 (Ala.Civ.App.2007) (“Because [the appellant’s] notice of appeal was untimely, it did not invoke the jurisdiction of this court....”). Rule 2(a)(1), Ala R.App. P., provides that “[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.” Therefore, we dismiss the appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. On August 23, 2012, Gloria petitioned this court for a writ of mandamus directing the trial court to vacate the May 21, 2012, judgment and the June 12, 2012, judgment. This court docketed that mandamus petition as case no. 2111118. On August 24, 2012, this court denied Gloria’s mandamus petition.
On August 29, 2012, Gloria petitioned the supreme court for a writ of mandamus directing the trial court to vacate the May 21, 2012, judgment and the June 12, 2012, judgment. The supreme court docketed that mandamus petition as case no. 1111532. On September 18, 2012, the supreme court denied Gloria’s mandamus petition.

. Neither Courtney nor Loretta filed a notice of appeal.

. Even if the July 22, 2012, motion were deemed to be a separate Rule 59(e) motion challenging the May 21, 2012, judgment, it would not extend the period for Gloria to file a notice of appeal with respect to the May 21, 2012, judgment because it was not filed within 30 days after the entry of the May 21, 2012, judgment, see Rule 59(e) (“A motion to alter, amend, or vacate the judgment shall be filed not later than thirty (30) days after entry of the judgment.”), and an untimely filed Rule 59(e) motion will not suspend the running of the period for filing a notice of appeal, see Marsh, 852 So.2d at 163 ("Although a timely postjudgment motion will toll the 42-day time period for filing a notice of appeal, an untimely filed postjudgment motion will not do so.”). Likewise, even if the July 22, 2012, motion were deemed to be an amendment of the June 8, 2012, motion, the July 22, 2012, motion would not have extended the period for Gloria to file a notice of appeal with respect to the May 21, 2012, judgment because the July 22, 2012, motion was not filed within 30 days after the entry of that judgment. See Roden v. Roden, 937 So.2d 83, 85 (Ala.Civ.App.2006) ("[I]f a subsequent filing is deemed to be an amendment to a previous postjudgment motion, that amendment will trigger a new 90-day jurisdictional period only if the amendment is filed within 30 days after the original judgment, i.e., within the time for filing an 'original' postjudgment motion.” (emphasis omitted)).

. Although it would have no effect on the determination whether Gloria's notice of appeal was timely with respect to the June 12, 2012, judgment, we note that, if the May 21, 2012, judgment were not a final judgment, the June 8, 2012, motion would not have been a Rule 59(e) motion because “[a] ‘Rule 59 motion may be made only in reference to a final judgment or order.’ ” Ex parte Troutman Sanders, LLP, 866 So.2d 547, 550 (Ala.2003) (quoting Malone v. Gainey, 726 So.2d 725, 725 n. 2 (Ala.Civ.App.1999)).