THOMAS, Judge.
*860 In February 2017, Angela Taylor sued Hibbett Sporting Goods, Inc. ("Hibbett"), and fictitiously named defendants in the Jefferson Circuit Court ("the trial court"), alleging that she had been injured in the course of her employment and seeking benefits under the Alabama Workers' Compensation Act, Ala. Code 1975, § 25-5-1 et seq., and damages for retaliatory discharge. Hibbett moved to dismiss the claims against it, arguing that a separate legal entity, Hibbett Wholesale, Inc., was Taylor's employer at the time of her injury. After a hearing on the motion, the trial court ordered on May 5, 2017, that Taylor amend her complaint to name her actual employer within 21 days. Taylor failed to amend her complaint, and Hibbett notified the trial court of Taylor's failure to do so on July 25, 2017. The trial court dismissed Taylor's complaint on July 31, 2017.[1]
On August 31, 2017, Taylor filed a postjudgment motion directed to the July 31, 2017, dismissal order. The trial court held a hearing on the motion and purported to deny the motion by order on November 6, 2017. Taylor then filed her notice of appeal to this court on December 18, 2017. We transferred the appeal to our supreme court for lack of appellate jurisdiction, see Ala. Code 1975, § 12-3-10, and our supreme court transferred the appeal back to this court pursuant to Ala. Code 1975, § 12-2-7(6).
As Hibbett points out in its appellate brief, Taylor filed her postjudgment motion on August 31, 2007, more than 30 days after the trial court dismissed her complaint against Hibbett. See Rule 59(b), Ala. R. Civ. P. (providing that a postjudgment motion filed pursuant to Rule 59 must be "filed not later than thirty (30) days after the entry of the judgment"). Although Taylor filed a declaration of technical difficulties indicating that the Alafile electronic-filing system had been unavailable between 7:59 p.m., August 30, 2017, and 7:57 a.m., August 31, 2017, as Hibbett points out, Taylor's filing of the declaration and the postjudgment motion failed to comply with the timing requirements set out in the Administrative Policies and Procedures for Electronic Filing in the Civil Divisions of the Alabama Unified Judicial System ("the electronic-filing policy manual"), which is available online at http://efile.alacourt.gov. The electronic-filing policy manual reads:
"If a party misses a Court imposed filing deadline because of an inability to electronically file based upon the unavailability of the system, the party may submit the untimely filed document, accompanied by a declaration stating the reason or reasons for missing the deadline. The document and declaration must be filed no later than 12:00 noon of the first day on which the court of jurisdiction is open for business following the original filing deadline."
Taylor did not file her postjudgment motion and declaration until 5:24 p.m. on August *861 31, 2017, several hours after the noon deadline.
An untimely filed postjudgment motion will not toll the time for taking an appeal. Boykin v. International Paper Co., 777 So.2d 149, 150 (Ala. Civ. App. 2000). Because the trial court and the parties failed to acknowledge the untimeliness of Taylor's postjudgment motion, the trial court conducted a hearing and entered an order purporting to deny that motion, which delayed the filing of Taylor's notice of appeal until December 2017. Taylor's appeal was filed more than 42 days after the entry of the trial court's judgment dismissing her complaint. See Rule 4(a)(1), Ala. R. App. P. (providing that a notice of appeal must be filed within 42 days of the entry of the judgment). Accordingly, we must dismiss this appeal as having been untimely filed. Boykin, 777 So.2d at 151.
APPEAL DISMISSED.
Thompson, P.J., and Moore and Donaldson, JJ., concur.
Pittman, J., concurs specially.
PITTMAN, Judge, concurring specially.
I concur, but I write separately to draw attention to two salient issues. First, the provision of the electronic-filing policy manual quoted in the main opinion, by its terms, speaks only to the tardy filing of a document, accompanied by a declaration of technical difficulties, "[i]f a party misses a Court imposed filing deadline." (Emphasis added.) In concurring, I have necessarily assumed that the 30-day period set forth in Rule 59(e), Ala. R. Civ. P., governing the filing of postjudgment motions to alter, amend, or vacate, is within the scope of "a Court imposed filing deadline" because Rule 59(e) was promulgated by "a Court" (i.e., our supreme court, cf. Rule 86, Ala. R. Civ. P.). Further, I have also assumed that the tardy filing of a postjudgment motion accompanied by a declaration of technical difficulties is self-executing, without involving any action on the part of the trial court, because Rule 6(b), Ala. R. Civ. P., which speaks to the general power of trial courts to enlarge the time for performing specified acts under the Rules of Civil Procedure, is made subject to the proviso that such courts "may not extend the time for taking any action under Rules 50(b), 52(b), 59(b), (d), and (e), and 60(b), except to the extent and under the conditions stated in them."

The dismissal order specifically recites that the dismissal is without prejudice, which would generally preclude an appeal. See Ragland v. State Farm Mut. Auto. Ins. Co., 238 So.3d 641, 643 (Ala. 2017) ("Generally speaking, an order dismissing a claim without prejudice will not support an appeal."). However, the statute of limitations on Taylor's workers' compensation action had already run at the time of the dismissal order, thus rendering the dismissal, in effect, a dismissal with prejudice as to that count of Taylor's complaint. See Riddlesprigger v. Ervin, 519 So.2d 486, 487 (Ala. 1987). The complaint does not state the date of Taylor's discharge from employment, so the dismissal may or may not have operated as a dismissal without prejudice regarding the retaliatory-discharge count of Taylor's complaint.